IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCIS ELAINE ROHRS, )<br>)<br>Petitioner, )<br>)<br>) CIV-14-24-F<br>v. )<br>)<br>RICKEY W. MOHAM, Warden, )<br>)<br>Respondent. ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging the conviction for Murder in the Second Degree entered pursuant to her guilty plea in the District Court of Kay County, Oklahoma, Case No. CF-2001-683, for which she is serving a term of life imprisonment. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been reviewed under Rule 4, Supreme Court Rules Governing Section 2254 Cases. For the following reasons, it is recommended that the Petition be dismissed as untimely.

Taking judicial notice of the Court's own records, Petitioner previously sought relief

---

[1] Petitioner filed this action on the form for a 28 U.S.C. § 1331 complaint. However, the only relief she seeks is the reversal of her conviction or a reduced sentence. Therefore, the action is construed as one brought under 28 U.S.C. § 2254, and the complaint is deemed a Petition. See Hill v. McDonough, 547 U.S. 573, 579 (2006)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.")(quotation marks and citation omitted).

under 28 U.S.C. § 2254 with respect to the same conviction and sentence. In Rohrs v. Moham, Case No. CIV-13-288-F, United States District Judge Friot referred the action to the undersigned Magistrate Judge. In a Supplemental Report and Recommendation entered July 17, 2013, the undersigned recommended that the Respondent's motion to dismiss the action as untimely be granted and the habeas action be dismissed as untimely.

Petitioner did not object to the Supplemental Report and Recommendation. On August 21, 2013, District Judge Friot entered an Order and Judgment adopting the Supplemental Report and Recommendation and dismissing the action on the ground that it was not timely filed. In November 2013, Petitioner filed a motion requesting that the Court reconsider the Order and Judgment entered August 21, 2013. District Judge Friot construed the motion as a Rule 60(b) motion seeking relief from the Court's entry of judgment and denied the motion.

Petitioner now seeks 28 U.S.C. § 2254 habeas relief concerning the same conviction and sentence she challenged in the previous § 2254 action. In the Petition, Petitioner incorrectly responded "none" to the question asking whether she had filed other lawsuits relating to the claims involved in this action. Petitioner raises the same claims that she asserted in her previous Petition. She asserts that her plea was not knowingly and voluntarily entered because she was not advised that she would have to serve 85% of her sentence as required by Oklahoma law,[2] that she was denied effective assistance of trial counsel in

---

[2]In Oklahoma, individuals who have been convicted of certain felony offenses on or after March 1, 2000, including murder, "shall serve not less than eighty-five percent (85%) of the

2

connection with her plea, and that her sentence is excessive. She repeats the ineffective assistance of trial counsel claim in ground three, although the allegations in this claim are not clear and the claim may relate to her state court post-conviction proceeding.

The undersigned found in the previous action that Petitioner's conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on October 9, 2003, ten days after the pronouncement of the judgment and sentence, and the one-year limitations period for filing a federal habeas petition challenging the conviction in Case No. CF-2001-683 expired on October 11, 2004. The undersigned also found that Petitioner's post-conviction proceeding did not toll the running of the limitations period because the post-conviction application was filed long after the one-year limitations period expired.[3] The undersigned further found that the petition would be time-barred even if the one-year limitations period began on the later dates three Oklahoma Court of Criminal Appeals ("OCCA") decisions[4] were entered which

---

sentence of imprisonment imposed within the Department of Corrections." Okla. Stat. tit. 21, § 12.1 (2011)(commonly known as the "85% Rule").

[3]Petitioner admits that the district court entered an order on July 11, 2011, denying the application for post-conviction relief and request for an appeal out of time. Petition, at 8.

[4]The undersigned made the following findings with respect to the Petitioner's argument:
> Petitioner's claims of an invalid plea and ineffective assistance of trial counsel are based on the OCCA's 2006 decision in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006). In that decision, the OCCA determined that jurors must be instructed on the 85% Rule as a matter of state law. Id. at 278-279. The OCCA later held in 2006 and 2007 that defendants entering pleas of guilty or nolo contendere or blind pleas must be informed of the 85% Rule. See Pickens v. State, 158 P.3d 482 (Okla. Crim. App. 2007)(holding that a "defendant has a right to be informed of the 85% Rule" when entering either negotiated or blind plea and trial court's failure to advise appellant of 85% Rule rendered his plea involuntary);

related to one of Petitioner's claims.

The 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978.

In Petitioner's previous habeas action, the undersigned found that Petitioner had not made a colorable showing of factual innocence or incompetence and that she did not diligently pursue her claims. Consequently, the undersigned found she was not entitled to

---

Ferguson v. State, 143 P.3d 218 (Okla. Crim. App. 2006)(finding that petitioner's negotiated nolo contendere plea was not voluntarily and intelligently entered where petitioner was not advised of 85% Rule that applied to punishment range for his offense).

Petitioner's allegations may be construed to assert that 28 U.S.C. § 2244(d)(1)(D), and not 28 U.S.C. § 2244(d)(1)(A) should provide the starting point for the running of the limitations period. However, Petitioner's habeas Petition would be time-barred even if the one-year limitations period began on the date the Anderson decision was entered, or, alternatively, the date the Pickens decision or the date the Ferguson decision was entered, rather than the date her conviction became final.

equitable tolling of the limitations period.

Petitioner did not appeal her conviction, and she did not seek post-conviction relief until seven years later, in October 2010. Petitioner vaguely asserts in the instant Petition that a "determine of compency [sic] application hearing was conducted on September 9, 2012." Petition, at 8. Petitioner has not provided sufficient facts or any supporting evidence demonstrating that she was actually incompetent between the date the limitations period expired and the date the instant Petition was filed.

The Supreme Court has held that "actual innocence, if proved serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). However, such tolling of the limitations period for actual innocence is appropriate only in rare instances in which the petitioner shows that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Petitioner pled guilty to the murder offense, and she has not presented any new evidence demonstrating actual innocence. Thus, Petitioner has not shown that she is entitled to equitable tolling of the limitations period on the grounds of actual innocence or incompetence. The Petition should therefore be dismissed as untimely.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. Petitioner is

advised of her right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by __March 3rd__, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __11th__ day of __February__, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE