# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCIS ELAINE ROHRS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-14-24-F |
| | ) |
| RICKEY W. MOHAM, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On February 11, 2014, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation, wherein he recommended that petitioner, Francis Elaine Rohrs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely. Petitioner has objected to the Supplemental Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court respectfully declines to accept the Supplemental Report and Recommendation. As explained below, petitioner's § 2254 habeas petition is a second or successive petition filed without authorization from the United States Court of Appeals for the Tenth Circuit. The court concludes that the unauthorized second or successive habeas petition should be dismissed without prejudice for lack of jurisdiction.

Background

On March 26, 2013, petitioner filed a § 2254 habeas petition challenging her conviction for murder in the second degree entered pursuant to guilty plea in the District Court of Kay County, Oklahoma, Case No. CF-2001-683. *See*, Rohrs v. Moham, Case No. CIV-13-288-F. Respondent filed a motion to dismiss the action on

the basis that the § 2254 habeas petition was untimely filed under 28 U.S.C. § 2244(d).

Magistrate Judge Purcell issued a Supplemental Report and Recommendation on July 17, 2013, recommending that the respondent's motion to dismiss be granted and the § 2254 habeas petition be dismissed as untimely. With no objection from petitioner to the Supplemental Report and Recommendation, the court entered an order on August 21, 2013, accepting, adopting and affirming the Supplemental Report and Recommendation. The court granted respondent's motion to dismiss and dismissed the § 2254 habeas petition as untimely. The court entered a judgment that same day. On November 13, 2013, petitioner filed a motion requesting the court to reconsider the August 21, 2013 order and judgment. The court construed the motion as one filed pursuant to Rule 60(b), Fed. R. Civ. P., and denied the motion. No direct appeal was filed by petitioner.

Discussion

In this action, petitioner again seeks habeas relief under § 2254 concerning the same conviction she challenged in the previous § 2254 action.[1] As petitioner's previous § 2254 habeas petition was dismissed as untimely, such dismissal was on the merits and petitioner's present § 2254 habeas petition challenging the same conviction is second or successive. *See*, In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (dismissal of petitioner's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive).

---

[1] As Magistrate Judge Purcell noted in the Supplemental Report and Recommendation, petitioner filed this action on the form for a 28 U.S.C. § 1331 complaint. The court concurs with Magistrate Judge Purcell that this action should be construed as one brought under 28 U.S.C. § 2254 because petitioner seeks the reversal of her conviction or a reduced sentence. Petitioner's complaint is therefore deemed a habeas petition under § 2254.

This court does not have jurisdiction to address the merits of a second or successive § 2254 habeas petition until the Tenth Circuit has granted the required authorization. *See*, In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). There is no indication in the materials filed by petitioner that the Tenth Circuit has granted such authorization. As a result, the court must either dismiss the petition for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See*, *id*. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*.

Upon consideration of the appropriate factors, the court concludes that a transfer of this action to the Tenth Circuit is not in the interest of justice. The court concludes that the claims alleged by petitioner would be time barred. Petitioner's materials do not show otherwise. Therefore, the court concludes that petitioner's § 2254 habeas petition should be dismissed for lack of jurisdiction.

<u>Ruling</u>

Accordingly, the Supplemental Report and Recommendation (doc. no. 9) issued by United States Magistrate Judge Gary M. Purcell on February 11, 2014 is not accepted for the reasons herein stated. Petitioner, Francis Elaine Rohrs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is an unauthorized second or successive habeas petition, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In order to obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court has dismissed petitioner's § 2254 habeas petition on procedural grounds, petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After considering the record, the court concludes that petitioner cannot make the required showing. Therefore, a certificate of appealability is **DENIED**.

DATED March 13, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0024p001.wpd